NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND FERNANDES, | No. C 08-2989 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| vs. | |
| FREEMAN, et al., | |
| Defendants. | |

Plaintiff, an inmate at Napa State Hospital proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. He claims that he is being wrongly detained pursuant to false arrest, and he seeks to be freed "from false detainment as soon as possible." The complaint is DISMISSED without prejudice.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1  immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
2  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements: (1) that a right secured by the Constitution or laws of the United States was
5  violated, and (2) that the alleged violation was committed by a person acting under the
6  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

7      Plaintiff alleges that he was falsely arrested, and that the arrest led to his present
8  incarceration. He sues the arresting officer, a prosecutor, jail officials, and a state court
9  judge. He seeks to be released from custody as soon as possible. The Supreme Court has
10 consistently held that any claim by a prisoner attacking the fact or duration of his
11 confinement must be brought by way of a petition for a writ of habeas corpus. See
12 Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648
13 (1997). In particular, a prisoner must file a habeas petition if the nature of his claim is
14 such that it may result in his entitlement to immediate or earlier release. See Butterfield
15 v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); see also Young v. Kenny, 907 F.2d 874,
16 876-78 (9th Cir. 1990); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). A civil
17 rights complaint seeking habeas relief is subject to dismissal without prejudice to the
18 prisoner's bringing his claim in a petition for a writ of habeas corpus. See Trimble v.
19 City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

21     As the present civil rights complaint seeks release from custody, relief that is only
22 available from this court via a habeas petition, the complaint is DISMISSED without
23 prejudice to plaintiff's refiling his claims in a petition for a writ of habeas corpus after he
24 has exhausted his claims in the state courts.

25     The Clerk shall terminate all pending motions and close the file.

26     IT IS SO ORDERED.
27 DATED: 8/21/08

JEREMY FOGEL
28     United States District Judge